United States District Court
Southern District of Texas
**ENTERED**
June 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TUG ROBERT J. BOUCHARD | § | BANKRUPTCY NO. 20-34758 |
| CORPORATION *et al.*, | § | |
| | § | |
| Debtors. | § | |
| CHRISTOPHER BAILEY, *et al.*, | § | CIVIL ACTION NO. H-22-3981 |
| | § | |
| Appellants. | § | |

**OPINION**

Christopher Bailey, Bryce Babson, and others appeal from an order of the bankruptcy court sustaining objections to their proofs of claim for liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and other relief. For the following reasons, the court vacates the bankruptcy court's order and remands the claims to the bankruptcy court.

**I.     Background**

The facts mirror those in a related appeal filed by the same counsel and presenting the same arguments. *See In re Bouchard*, No. 22-3980 (S.D. Tex. Nov. 16, 2022). The appellants originally brought FLSA claims against the debtor, Bouchard,[1] in lawsuits filed in the Southern District of New York. *See Bailey v. Bouchard Transp. Co., Inc.*, No. 1:20-cv-01207-SDA (S.D.N.Y.); *Babson v. Bouchard Transp. Co., Inc.*, No. 1:20-cv-02370 (S.D.N.Y.). The litigation was stayed when Bouchard (and its related debtors) filed a Chapter 11 petition on September 28–29, 2020. The appellants' counsel filed consents to opt in with the Southern District court in late October 2022. The consents are dated February or March 2020. No class was certified in either action.

---

[1] The court will refer to the multitude of debtors in the bankruptcy proceeding in the singular as "Bouchard."

There are two proofs of claim at issue in this appeal, the Babson claim and the Bailey claim. Both claims were filed before the date of the consents filed with the Southern District court. Amended proofs of claim were filed in May 2020, after the bar date for the submission of claims. Counsel signed both proofs of claim. The proofs of claim contained supporting documentation purporting to show the hours for which Bouchard allegedly owes FLSA liquidated damages. Bouchard challenges the admissibility but not the authenticity of the documents in the bankruptcy proceeding. The appellants worked for Bouchard and state that they were not timely paid for certain pay periods. Bouchard does not dispute that it employed the appellants and that they were not timely paid for the periods in question.

The bankruptcy plan administrator filed an objection to the proofs of claim, summarizing his objections as follows:

> 1. The Plan Administrator objects to the Claim, both of which assert allegedly secured claims for $3,859,745.48 in liquidated damages, attorneys' fees, and interest under the Fair Labor Standards Act ("FLSA"). The Claims are meritless. The Debtors are not liable for the liquidated damages, interest, costs, and attorney's fees. The Plan Administrator requests that the Court disallow the Claims.
>
> 2. As Babson acknowledges, Claim No. 561 is redundant because it seeks the exact same relief sought by the exact same claimants who filed Claim No. 560. At a minimum, one of these claims should be dismissed as redundant. The remaining claim should be disallowed.
>
> 3. Both Claims seek to represent "the Class of Certain Maritime Employees of Debtors," but none of the putative plaintiffs have been found to be similarly situated, no class has been certified, and none of the claimants have filed notices of written consent with the Court. The Claims should be dismissed because the named plaintiffs have no authority to represent the claims of the putative class members.
>
> 4. The Claims must fail because the plaintiffs do not allege a violation of the FLSA that entitles them to liquidated damages, interest, costs, or attorneys' fees. Moreover, as the Claims admit all required wages have been paid. Finally, the Claims fail to show that the requests for attorneys' fees are reasonable.

In a declaration filed with the objection, Bouchard's Chief Executive Officer, Jeffrey Gasbarra, stated that Bouchard had paid all of the appellants' outstanding wages. (*Id.* 718).

The bankruptcy court held a hearing. At the outset, the bankruptcy judge stated, "Based on the pleadings on file, I'm going to find that to the extent that the proofs of claim enjoy any presumption, that presumption has been overcome." In response, the appellants did not call witnesses or otherwise submit evidence on their claims. Docket Entry No. 280 at 4, *In re Tug Robert J. Bouchard Corp.*, No. 20-34758 (Bankr. S.D. Tex.). Peaslee's counsel argued that the attachments to the claims were admissions of the debtor. *Id.* at 7. The bankruptcy judge stated he would sustain the objection because "[t]here is no record on which to establish the existence of a claim." *Id.* at 8.

The bankruptcy court issued a written order denying the claims in November 2022. (App. 1397–398). The bankruptcy court did not provide reasons for its ruling.

## II.  The Standard of Appellate Review

"[T]raditional appellate standards" apply to the district court's review on an appeal from a bankruptcy court's judgment or order under 28 U.S.C. § 158(a)." *Stern v. Marshall*, 564 U.S. 462, 475 (2011). The court reviews the bankruptcy court's conclusions of law de novo. *In re Ahern Enters., Inc.*, 507 F.3d 817, 820 (5th Cir. 2007). The bankruptcy court's findings of fact are reviewed for clear error. *Id.* "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484, 506 (N.D. Tex. 2019) (quoting *In re Johnson Sw., Inc.*, 205 B.R. 823, 827 (N.D. Tex. 1997)). The court reviews a bankruptcy court's evidentiary rulings for abuse of discretion. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 239 (5th Cir. 2006). The standard of review for mixed questions of law and fact is determined by whether the answer to the question presented is best supplied through analysis of the relevant law or facts. *U.S. Bank N.A. ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018).

**III.   Analysis**

The appellants argue that the bankruptcy court erred when it found that Bouchard had overcome the presumptive validity of the proofs of claim. Bouchard argues that the bankruptcy court correctly determined that the claims lacked presumptive validity because they did not comply with Federal Rule of Bankruptcy Procedure 3001(b), which requires a proof of claim to be executed by the creditor or the creditor's authorized agent. In support of this argument, Bouchard states that the proofs of claim were filed before the appellants' counsel became their "authorized agent," which means that the proofs of claim did not comply with Rule 3001. Bouchard argues that the amended proofs of claim were submitted after counsel was retained as the authorized agent, but after the bar date and therefore untimely. Because the original proofs of claim did not conform with Rule 3001, Bouchard argues that the amended proofs of claim cannot relate back to the original filing date.

A creditor of a bankrupt debtor may file a proof of claim, 11 U.S.C. § 501(a), that "shall be executed by the creditor or the creditor's authorized agent." FED. R. BANKR. P. 3001(b). A proof of claim "executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and the amount of the claim." *Id.* 3001(f). Such a claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

An objecting debtor (or other party in interest) may introduce evidence to rebut the claim's presumptive validity. The "objecting party is tasked with putting forth such evidence sufficient to rebut the presumption of validity and establish that the claim should be disallowed." *In re Northbelt, LLC*, 630 B.R. 228, 245 (Bankr. S.D. Tex. 2020) (footnote and citations omitted). The objector must "produce evidence that is equal in probative force to that of the proof of claim." *Id.* This means that:

4

> [T]he objecting party [must] produc[e] specific and detailed allegations that place the claim into dispute, by the presentation of legal arguments based upon the contents of the claim and its supporting documents, or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question.

*Id.* (quoting *In re High Standard Mfg. Co., Inc.*, No. 15-33794, 2016 WL 5947244, at *3 (Bankr. S.D. Tex. Oct. 13, 2016)). If the objector meets this burden, the burden shifts back to the claimant to prove his claim by a preponderance of the evidence. *Id.*

Despite Bouchard's suggestions that the appellants' amended claims should be rejected because they were filed after the bar date, the administrator did not present this argument to the bankruptcy court. The bankruptcy judge did not state that the untimeliness of the amendments was ground for sustaining the administrator's objection. Although this court may affirm the bankruptcy court for any reason supported by the record, *Arguello v. LaFavers*, 448 F. Supp. 3d 655, 662 (S.D. Tex. 2020), affirmance on this ground would be inappropriate. The amended proofs of claim present materials in support of the earlier claims, based on the same underlying facts. The amended proofs of claim therefore relate back to the original proofs of claim. *See In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985) ("[A]mendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.").

Bouchard's argument that the appellants' claims were untimely focuses on the date when the consents were filed in the New York district court, in October 2022. Despite the filing date, the consents are dated February and March 2020. The court rejects Bouchard's argument that the October 2022 filing date of the FLSA consents in the district court makes the proofs of claim in the bankruptcy court untimely. While the consents may have been filed after the § 362 stay, Bouchard points to no authority that filing the consents in the stayed district court case made the

5

consents, for the purpose of proofs of claim in the bankruptcy court, invalid. Bouchard does not contend that the executed consents reflect fraud as to the date of the consents' execution on the part of the appellants or their counsel. Even assuming that the appellants never filed the consents, Bouchard points to no authority stating that counsel's status as an "authorized agent," as provided in Rule 3001(b), must be reflected by a filing on a public docket or other formal document. Rather, state-law agency principles apply in determining whether a person is an authorized agent. *In re Thalmann*, 469 B.R. 677, 681 (Bankr. S.D. Tex. 2012). Bouchard has not put the ostensible agency relationship between the appellants and their counsel into question.

In the bankruptcy court, Bouchard—through the plan administrator—argued that the appellants' claims should be rejected because Bouchard had paid the appellants all the wages they were owed. Bouchard also argued that the appellants otherwise failed to state a claim under the FLSA, because they failed to allege that they were not paid the minimum wage under § 206 of the Act. (*Id.*). The declaration Bouchard included with its objection states that "[t]he claimants and putative class members were paid for all services performed" in March 2020. (App. 718).

Bouchard's argument that the appellants' claims should be rejected for failure to plead a violation of the FLSA appears to be an incorrect statement of the law. An employer violates § 206 of the FLSA and exposes itself to § 216(b) liquidated damages when it pays late wages. *See, e.g.*, *Avalos v. United States*, 54 F.4th 1343, 1347 (Fed. Cir. 2022) ("Under the FLSA, any employer who does not timely pay minimum . . . wages is liable for liquidated damages equal to the amount of the untimely paid wages."); *Thorpe. v. Utility Masters, L.L.C.*, No. 4:09CV92, 2010 WL 11530466, at *2 (E.D. Tex. July 21, 2010) ("Under the FLSA, an employer's liability becomes fixed, and damages accrue, when the employer fails to pay the employee the required wages on the regular payday for any workweek."); *see also* 29 C.F.R. § 790.21(b) ("The courts have held

6

that a cause of action under the Fair Labor Standards Act for unpaid minimum wages . . . and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends."). Claims for violations of § 206 accrue on the date the wages should have been paid but were not, an employer who pays no wages on that date has violated the statute. *See, e.g.*, *Blundell v. Lassiter*, No. 3:17-CV-1990-L-BN, 2018 WL 6738046, at *13 (N.D. Tex. May 21, 2018) (with respect to allegations of late payments, stating that "[a]n average wage paid of $ 0 for hours worked during a workweek . . . is clearly below the minimum wage set by the FLSA.") Bouchard does not contest the appellants' assertions that the wages were paid late, no amounts were paid timely, or the amount of the late wages.

Bouchard argues that this court should affirm because the bankruptcy court made a factual determination about the prima facie validity of the claims and made evidentiary rulings about the admissibility of the supporting documents for the claims. While the bankruptcy judge stated he had "no record," the bankruptcy court did not make explicit factual findings on these issues.

Under Rule 3001, a proof of claim is a "written statement setting forth a creditor's claim." There is no requirement that the proof of claim be supported by admissible evidence for it to be presumptively valid. The bankruptcy court cannot disallow a presumptively valid claim on the sole basis that it is not supported by admissible evidence. *See* 11 U.S.C. § 502(b) (listing bases for disallowance of claims in whole or in part). Bouchard objected to the proofs of claim as meritless as a matter of law, not because the appellants failed to comply with Rule 3001 or introduce evidence in admissible form. That objection was itself meritless. The record presents no indication that the bankruptcy court ruled that Bouchard carried its burden for any reason other

7

than its mistaken legal argument. Bouchard did not carry its burden with respect to its objection in the bankruptcy court.

On the record presented, the bankruptcy court's finding that Bouchard carried its burden was clearly erroneous because it was based on a mistake of law.

## IV.     Conclusion

The court vacates the bankruptcy court's order and remands the appellants' claims.[2]

SIGNED on June 13, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[2] The court declines to reach the appellants' arguments that their claims are secured by a lien against the vessel, that they are entitled to fees and costs, and that they should be permitted to amend the amounts of their claims because of counsel's error. The court also declines to address Bouchard's arguments regarding the putative class members. The bankruptcy court made no ruling on those issues and may address them on remand.